UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MICHAEL RINDAL et al., | CASE NO. 2:26-cv-00971-LK |
| Plaintiffs, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |
| v. | |
| STATE OF WASHINGTON et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs Steven and Dorothy Rindal's Emergency Motion for a Temporary Restraining Order. Dkt. No. 2. For the reasons set forth below, the Court denies the motion and orders the Rindals to show cause why the Court should not dismiss this case as duplicative of their other litigation.

## I.    BACKGROUND

The Rindals filed this action on March 23, 2026, alleging that the State of Washington has unlawfully condemned a portion of their property. *See generally* Dkt. No. 1. They contend that on March 24, 2026, the State will begin construction on their property, and they seek a restraining order halting that project. Dkt. No. 2.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 1

## II.  DISCUSSION

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because the Rindals bring a claim under 42 U.S.C. § 1983. Dkt. No. 1 at 1, 5–8.

### A.    The Rindals' Lack of Notice and Delay Undermine Their Request for Emergency Relief

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). The Court may issue a temporary restraining order without notice to the adverse party *only if* two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Even assuming without deciding that the Rindals satisfied the first condition, they did not meet the second of these conditions. *See generally* Dkt. Nos. 1, 2. And "[u]nless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied," then "the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1). The Rindals state that they provided "all parties" with a copy of this motion "simultaneously," Dkt. No. 2 at 15, but they have not filed a certificate of service attesting to that fact.

The Rindals' lengthy delay in bringing this action also undermines their request for emergency relief on an ex parte basis. Their motion does not state when they learned of the operative facts, but it was long enough ago to litigate the state court matter, pursue an appeal, and prepare their lengthy 47-page complaint and 25-page motion in this matter. Dkt. Nos. 1, 2. In fact, Mr. Rindal has litigated at least three other federal court actions based on the same facts underlying

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 2

this matter. In November 2024, Mr. Rindal filed a complaint against Washington State and others based on the condemnation of his property and alleging many of the same claims he brings now, including an improper taking. *Rindal v. State of Washington et al.*, 2:24-cv-01805-RAJ, Dkt. No. 1 (W.D. Wash. Nov. 1, 2024). The Court dismissed that case based on *Younger* abstention. *Id.*, Dkt. No. 33 at 4–5 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

In July 2025, the Rindals attempted to remove an action from state court regarding the condemnation of a portion of their property to create an easement. *State of Washington v. Rindal et al.*, 2:25-cv-01347-TL, Dkt. No. 1 (W.D. Wash. July 16, 2025). After the Court granted the State of Washington's motion to remand, the Rindals appealed; that appeal is still pending. *Id.*, Dkt. Nos. 25, 30. In October 2025, Mr. Rindal filed another action challenging the state's deprivation "of his constitutional rights in connection with coercive efforts to seize a portion of his homestead property for a pretextual 'salmon restoration program[.]'" *Rindal v. Lin et al.*, 25-cv-02062-GJL, Dkt. No. 1 at 1–2 (W.D. Wash. Oct. 22, 2025). All of these cases show that the Rindals have been aware of the facts underlying their current "emergency" motion for approximately a year and a half. A party's "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985). The Court denies the motion based on the Rindals' long delay in bringing this case.

**B.      Younger Abstention Bars the Rindals' Claims**

*Younger* abstention also bars the Rindals' claims. *Younger* abstention requires federal courts to abstain "from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

*Younger* abstention applies if the state proceeding (1) is ongoing, (2) implicates important state interests, and (3) provides the plaintiff an adequate opportunity to litigate his federal claims.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 3

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). There is also "a vital and indispensable fourth element: the policies behind the *Younger* doctrine must be implicated by the actions requested of the federal court." *Id.*

Each requirement is satisfied here. First, there is an ongoing state court proceeding. For the purposes of *Younger* abstention, the critical question is whether the state proceedings were underway before initiation of the federal action. *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987). The state proceeding was underway before this proceeding, and it is still ongoing—the Rindals note that "[t]wo appeals from the condemnation judgment are currently pending in the Washington Court of Appeals," and the Court of Appeals is "actively reconsidering whether to remand the case to the Superior Court." Dkt. No. 2 at 19.[1] The Rindals argue that *Younger* abstention is inapplicable here because the case is on appeal, Dkt. No. 1 at 8–9, but *Younger* abstention applies where, as here, the state appellate process is ongoing. *See, e.g.*, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."). Thus, "[a] necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court." *Id.* (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)). For that reason, the first threshold requirement to *Younger* abstention—an ongoing state court proceeding—is satisfied.

---

[1] In this vein, the Court notes another limitation on its jurisdiction: the *Rooker–Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *See Benshoof v. Fauci*, No. C22-1281-LK, 2022 WL 4465782, at *4 n.2 (W.D. Wash. Sept. 26, 2022).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 4

The remaining factors are met for the same reasons set forth in *Rindal v. Washington*, 2:24-cv-01805-RAJ, Dkt. No. 33 (W.D. Wash. Aug. 5, 2025). With respect to the second factor, proceedings to take private land for a public use implicate important state interests. *See M&A Gabaee v. Cmty. Redevelopment Agency of the City of Los Angeles*, 419 F.3d 1036, 1039 n.2 (9th Cir. 2005) ("states clearly have an interest in the exercise of their own eminent-domain power"); *see also Duty Free Shop, Inc. v. Administracion De Terrenos De Puerto Rico*, 889 F.2d 1181, 1182 (1st Cir. 1989) (explaining that for purposes of *Younger* abstention, "[t]he lower courts have held unanimously, since 1975," that proceedings involving important state interests "include[] eminent domain proceedings"). With respect to the third factor, the Rindals have not argued that state procedural law bars their claims; indeed, they are appealing the state court's adverse decision. *See Benshoof*, 2022 WL 4465782, at *3. Plaintiffs have the burden to demonstrate that they cannot adequately raise constitutional claims in the ongoing state proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987). And federal courts "must assume that state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003). Finally, with respect to the last factor, the Rindals are asking this Court to decide whether their constitutional rights were violated during the state condemnation action, and such a determination would have the same practical effect as enjoining the ongoing state judicial proceeding. *See Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004).

All of the factors weigh in favor of abstention, making *Younger* abstention appropriate, and the Court accordingly abstains from deciding the Rindals' motion for a temporary restraining order on that basis.

**C.      The Court Orders the Rindals to Show Cause Why this Matter Should Not Be Dismissed**

Because the Rindals seek damages in addition to declaratory and injunctive relief, Dkt. No. 1 at 37, the Court must also determine whether this is the "unique case" where dismissal rather than a stay is appropriate. *Gilbertson*, 381 F.3d at 982 n.18. Dismissal under *Younger* of an action seeking damages may be appropriate if "dismissal is indicated for some other reason," including that the claims are "plainly frivolous[.]" *Id.* The Rindals' claims appear frivolous because they are barred by the doctrine of claim preclusion. Res judicata, or claim preclusion, "is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig., LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002). When the doctrine applies, it "bar(s) all grounds for recovery which could have been asserted, whether they were or not[.]" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). Thus, all potential claims that could "arise out of the same transactional nucleus of facts" are barred going forward. *Id.* at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).

Here, the Rindals' claim is the same as the one they raised before Judge Jones: they allege that the State violated their constitutional rights by condemning a portion of their property. *Compare* Dkt. No. 1 at 22–32, *with Rindal v. Washington*, 2:24-cv-01805-RAJ, Dkt. No. 1 at 17–30 (W.D. Wash. Nov. 1, 2024). Their prior claims were dismissed with prejudice. *Rindal v. Washington*, 2:24-cv-01805-RAJ, Dkt. No. 33 at 7 (W.D. Wash. Aug. 5, 2025). Even if the Rindals' claims are slightly different here, an imaginative litigant may not avoid res judicata "by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Auth.*, 322 F.3d 1064, 1077–78 (9th Cir. 2003). And finally, the Defendants in both cases—the State and its employees in their official

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 6

capacities—are either the same or in privity with each other. *See e.g.*, *McClain v. 1st Sec. Bank of Wash.*, No. C15-1945-JCC, 2016 WL 8504775, at *3 (W.D. Wash. Apr. 21, 2016) (explaining that the employer-employee relationship satisfies the privity requirement). Accordingly, the Court orders the Rindals to show cause why this case should not be dismissed because they litigated and lost the same claims in *Rindal v. Washington*, 2:24-cv-01805-RAJ, Dkt. Nos. 1, 33 (W.D. Wash. 2024).

### III.   CONCLUSION

For the reasons explained above, the Court DENIES Plaintiffs' motion for a temporary restraining order, Dkt. No. 2, and ORDERS Plaintiff's to show cause by April 13, 2026 why the Court should not dismiss this case under the doctrine of res judicata.

Dated this 23rd day of March, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE - 7